**WEN CAN HUANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, United States Department of Justice, Michael Chertoff[2], Secretary of the Department of Homeland Security, The Department of Homeland Security, Respondents.**

No. 04–3668–AG.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Douglas B. Payne, New York, NY, for Petitioner.

G.F. Peterman III, Acting United States Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, GA, for Respondent.

_____

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General John Ashcroft.

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security Michael Chertoff is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

Present DENNIS JACOBS, ROBERT D. SACK, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wen Can Huang, though counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Victoria Ghartey's decision denying Huang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Preliminarily we note that the petitioner has not made arguments before this court that address claims for withholding of removal or relief under the Convention Against Torture. Accordingly, any challenge to the IJ's and BIA's decisions in that regard is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

We turn to Huang's asylum claim. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). "Nevertheless, we may affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that despite any errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to [her] decision if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

Here, the IJ's adverse credibility findings and decision are supported by substantial evidence. First, Huang provided only brief and vague information about why he was dismissed from school. Although the IJ was in error finding that Huang gave vague testimony about the source of the letter of dismissal, the IJ did not err in discrediting that document and Huang's testimony regarding the dismissal. In response to a question from his own counsel that would have amplified his explanation of his alleged persecution, Huang stated explicitly that he did not know why the school officials thought he was a Falun Gong practitioner. Thus, taking him at his word, additional probing on that issue would have been useless. As for Huang's contention that his dismissal was related to the injury of police officers, his varied testimony on that point was a sufficient basis for the IJ not only to question the date of the alleged letter of dismissal but also, for that same reason, its authenticity and the very story it was offered to support.

Second, although the IJ may have engaged in a bit of speculation regarding whether the Falun Gong would actually issue membership certificates after the government had banned that organization, the IJ was permitted to find that Huang's father's purported Falun Gong membership certificate was specifically at odds with Huang's testimony that his father started practicing Falun Gong on February 18, 2000, which he says he knew be-

cause his father practiced at home. On cross-examination, Huang was given an opportunity to explain whether the father's practice had taken place at home or elsewhere, and he then modified his testimony to state that it was both. Huang was asked about the inconsistency between his earlier testimony and the contents of the membership document. He offered an explanation. Nothing, however, compelled the IJ to accept that explanation.

Although the IJ may have engaged in some limited speculation when determining that the petitioner lacked credibility, which was error, the rest of the IJ's analysis of the petitioner's credibility was adequately articulated so that we conclude that it is supported by substantial evidence. Examining those determinations as a whole, we can state with confidence that the IJ would adhere to her decision regarding the petitioner's lack of credibility if we were to remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159 (2d Cir.2006). Accordingly, because the IJ properly found Huang not to be credible on issues related directly to whether he had a well-founded fear of persecution, the IJ's determination that the Huang is ineligible for asylum relief is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).